UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRENDA M. JOHNSON,

                Plaintiff,

    v.

ELECTRONIC TRANSACTION CONSULTANTS CORPORATION,

                Defendant.

NO. 3:14-cv-05872-RJB

**ORDER ON DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S DEPOSITION AND TO RECOVER EXPENSES, AND MOTION TO MODIFY MINUTE ORDER SETTING TRIAL AND PRETRIAL DATES**

This matter comes before the Court on Defendant's Motion to Compel Plaintiff's Deposition and to Recover Expenses, and Motion to Modify Minute Order Setting Trial and Pretrial Dates. Dkt. 64. The Court has reviewed Defendant's motions, Plaintiff's responsive briefing and the remainder of the file therein.

According to Defendant, the Court should compel Plaintiff's deposition and award recovery to Defendant for expenses related to this motion on the basis that: Defendant has repeatedly attempted to obtain Plaintiff's deposition; Plaintiff has refused to appear for her

ORDER ON DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S DEPOSITION AND TO RECOVER EXPENSES, AND MOTION TO MODIFY MINUTE ORDER SETTING TRIAL AND PRETRIAL DATES - PAGE 1

3:14-cv-05872-RJB

deposition; the Court previously found that Defendant was entitled to the deposition; and Defendant warned Plaintiff that if she did not appear for the deposition, Defendant would file a motion to compel. Dkt. 64, at 1-4. Defendant makes a related motion to modify the minute order (Dkt. 35) in order to accommodate Plaintiff's deposition and still comply with pretrial and trial dates. *Id*., at 4, 5.

In response, Plaintiff argues that the discovery deadline has lapsed, so Defendant is not entitled to depose her, and that Plaintiff has already "answered oral requirements and written questions[.]" Dkt. 66, at 1.

Defendant's motion should be granted in part and denied in part. On the record provided, it appears that Defendant acted in good faith to depose Plaintiff. As the Court stated previously, Defendant should be afforded the opportunity to depose Plaintiff. However, the fact that Defendant waited until the verge of the discovery deadline to initiate Plaintiff's deposition, although technically permissible under the rules, weighs against Defendant's motion for recovery of fees.

Because only Plaintiff's deposition remains and the pretrial conference is not scheduled until November 25, 2015, the Court need not continue any deadlines other than dispositive motions date and the discovery deadline to accommodate Plaintiff's deposition.

\* \* \*

The Court HEREBY ORDERS that:

(1) Defendant's Motion to Compel Plaintiff's Deposition is GRANTED. Plaintiff is ordered to attend a deposition properly noted by Defendant to be held on or prior to Friday, October 23, 2015.

(2) Defendant' Motion for Recovery of Expenses is DENIED without prejudice.

(3) Defendant' Motion to Modify the Minute Order is GRANTED IN PART. Defendant is excepted from the discovery deadline of August 10, 2015 to depose Plaintiff only. The deadline to file dispositive motions is extended to

October 29, 2015. Accordingly, the last possible noting date for dispositive motions is Friday, November 20, 2015. *See* LCR 7. All other dates remain as scheduled. *See* Dkt. 35.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 29th day of September, 2015.

_____
ROBERT J. BRYAN
United States District Judge

ORDER ON DEFENDANT'S MOTION TO COMPEL
PLAINTIFF'S DEPOSITION AND TO RECOVER EXPENSES,
AND MOTION TO MODIFY MINUTE ORDER SETTING TRIAL
AND PRETRIAL DATES - PAGE 3

3:14-cv-05872-RJB